PEOPLE v AUSTERN

Docket No. 62597. Submitted September 16, 1982, at Lansing.—Decided December 7, 1982.

Jay Austern was convicted, on his plea of guilty, of attempted possession with intent to deliver cocaine, Ingham Circuit Court. The court, James R. Giddings, J., sentenced the defendant to three years probation with the first 30 days to be served in the Ingham County Jail. The people appeal alleging that the trial court erred in sentencing the defendant to probation. *Held:*

The trial court erred in sentencing the defendant to probation. The defendant was convicted of attempted possession with intent to deliver a controlled substance and was not eligible for probation under the statute providing for sentences of probation for first offenders convicted of possession or use of a controlled substance under certain enumerated statutory provisions. The sentence should be vacated and the case reversed and remanded.

Reversed and remanded.

CONTROLLED SUBSTANCES — PROBATION — ELIGIBILITY.

A defendant convicted of attempted possession with intent to deliver cocaine is not eligible for a sentence of probation pursuant to the statute providing for sentences of probation for first offenders convicted of possession or use of a controlled substance under certain enumerated statutory provisions. (MCL 333.7401, 333.7411; MSA 14.15[7401], 14.15[7411]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Janis L. Blough,* Chief Appellate Attorney, for the people.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 568.
25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.6, 27.18.

R. B. BURNS, P.J. Defendant pled guilty to attempted possession *with intent to deliver* cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv).

Defendant filed a petition for treatment pursuant to MCL 333.7411; MSA 14.15(7411). The trial judge granted defendant's petition and, pursuant to MCL 333.7411; MSA 14.15(7411), placed defendant on probation for 36 months, with the first 30 days to be served in the Ingham County Jail (with work release). Defendant was required to pay costs of $300.

The people appeal, claiming that the trial judge erred by applying the provisions of MCL 333.7411; MSA 14.15(7411) to a defendant convicted of possession with intent to deliver a controlled substance.

We agree, and reverse.

MCL 333.7401; MSA 14.15(7401) reads in part:

"(1) Except as authorized by this article, a person shall not manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. * * *

"(2) A person who violates this section as to:

"(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:

* * *

"(iv) Which is in an amount less than 50 grams of any mixture containing that substance is guilty of a felony and may be imprisoned for not more than 20 years, or fined not more than $25,000.00, or both."

Punishment for attempt to commit a crime is governed by MCL 750.92(2); MSA 28.287(2):

"(2) If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such

attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year."

MCL 333.7411; MSA 14.15(7411) reads in part:

"(1) When an individual who has not previously been convicted of an offense under this article or under any statute of the United States or of any state relating to narcotic drugs, coca leaves, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of *possession of a controlled substance under section 7403(2)(a)(iv), (b), (c), or (d) or of use of a controlled substance under section 7404,* the court, without entering a judgment of guilt with the consent of the accused, may defer further proceedings and place the invidual on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under section 7413. There may be only 1 discharge and dismissal under this section as to an individual. The records and identifications division of the department of state police shall retain a nonpublic record of an arrest and discharge or dismissal under this section. This record shall be furnished to a court or police agency upon request for the purpose of showing that a defendant in a criminal action involving the use of a controlled substance covered in this article has already once utilized this section." (Emphasis added.)

Treatment pursuant to § 7411 is available only for those persons convicted under §§ 7403(2), subds (a)(iv), (b), (c), or (d) or of use of a controlled substance under § 7404.

The defendant was convicted under § 7401(2)(a)(iv) and is not a candidate for treatment under § 7411(1).

The sentence is vacated and the case reversed and remanded to the trial court for proceedings consistent with this opinion.